MEMORANDUM **
Substantial evidence supports the Immigration Judge’s determination that Monzon-Ortega and her son, Mejia-Monzon, did not establish past persecution. Although Monzon-Ortega suffered some economic detriment because of the guerillas’ extortion scheme, “mere economic disadvantage alone does not rise to the level of persecution.” Gormley v. Ashcroft, 364 F.3d 1172, 1178 (9th Cir.2004); see also Baballah v. Ashcroft, 367 F.3d 1067, 1075-76 (9th Cir.2004); Kovac v. INS, 407 F.2d 102, 107 (9th Cir.1969). Monzon-Ortega was not physically harmed and was able, despite the guerillas, to earn a living.
Likewise, substantial evidence supports the IJ’s finding that Mejia-Monzon did not establish past persecution. Threats alone, to be a basis for asylum, must be “so menacing as to cause significant actual ‘suffering or harm.’ ” Lim v. INS, 224 F.3d 929, 936 (9th Cir.2000). Guerrillas attempted to recruit MejiaMonzon two times and during one of those efforts, some guerillas called him “cowardly” and threatened to kidnap him at some point in the future. These threats were not menacing enough to establish past persecution.
Because neither Monzon-Ortega nor Mejia-Monzon established past persecution, they must demonstrate a “subjectively genuine” and “objectively reasonable” well-founded fear of future persecution “by a showing of ‘a good reason to fear future persecution’ based on ‘credible, direct, and specific evidence in the record of facts....’” Zhao v. Mukasey, 540 F.3d 1027, 1029 (9th Cir.2008) (quoting Ladha v. INS, 215 F.3d 889, 897 (9th Cir.2000)). Monzon- *548 Ortega and Mejia-Monzon’s testimony-satisfied the subjective component of this determination. Garcia-Martinez v. Ashcroft, 371 F.3d 1066, 1077 (9th Cir.2004). Substantial evidence supports the IJ’s determination that MonzonOrtega failed to establish an “objectively reasonable” fear of persecution because of the 1995 peace treaty. Likewise, there is no specific evidence that the guerillas will seek out Mejia-Monzon based on his refusal to join them in 1995, especially now that the civil war fought by the guerillas is over. Monzon-Ortega’s and Mejia-Monzon’s failure to meet the more lenient requirements for asylum forecloses withholding of removal from Guatemala. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003). Similarly, they have failed to establish a clear probability that they will be tortured if they return to Guatemala. See 8 C.F.R. § 208.16(c)(2).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.